# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| KAYLA STALLWORTH, et al., | : | |
| Plaintiffs, | : | Case No. 3:09cv00379 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| ALPHA PHI ALPHA INC., et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

I.   **Introduction**

Plaintiff Kayla Stallworth, a student at Wilberforce University, and her parents Karen Stallworth and Kenneth Stallworth, initiated this case in the Greene County, Ohio Court of Common Pleas asserting six Counts in their Complaint: battery, assault, false imprisonment, intentional infliction of emotional distress, loss of consortium, and respondeat superior – against Defendant Alpha Phi Alpha. Plaintiffs allege that Kayla Stallworth was sexually assaulted by several members of the Wilberforce Chapter of Alpha Phi Alpha. The sexual assault allegedly occurred during a fraternity event held by the Wilberforce Chapter of Alpha Phi Alpha on the campus of Wilberforce University in Greene County, Ohio.

Plaintiffs' original Complaint named as Defendants Alpha Phi Alpha Fraternity, Inc., a corporation with headquarters in Baltimore, Maryland; and John Does Nos. 1 through 4, members of the Alpha Phi Alpha's Wilberforce Chapter who allegedly

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

engaged in the sexual assault.

Defendant Alpha Phi Alpha removed this case from state court asserting subject matter jurisdiction based on the diversity of citizenship existing between Plaintiffs and Defendant Alpha Phi Alpha. The Notice of Removal did not mention John Does Nos. 1 through 4, and at that time, Plaintiffs had apparently not learned the identity of any John Doe.

Soon thereafter, Plaintiffs filed a First Amended Complaint identifying one John Doe as Brandon Lee and adding as a Defendant "Alpha Phi Alpha Fraternity, Xi Chapter, Wilberforce University, Wilberforce, Ohio." (Doc. #7). The record of this case ominously contains no indication that Brandon Lee or Alpha Phi Alpha Fraternity, Xi Chapter has been served with summons and a copy of the First Amended Complaint. The record likewise does not contain a waiver of service by either of these newly named defendants.

Considering the record in its entirety, the case is presently pending upon the following Motions and Memoranda:

1. Defendant Alpha Phi Alpha's Motion to Dismiss (Doc. #3) and Plaintiffs' Memorandum in Opposition (Doc. #8).

2. Plaintiffs' Motion for Remand to State Court (Doc. #9) and Defendant Alpha Phi Alpha's Memorandum in Opposition (Doc. #13).

3. Defendant Alpha Phi Alpha's Motion to Dismiss Plaintiff's First Amended Complaint and Proposed Order (Doc. #s 10, 11).

4. Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #17), Defendant Alpha Phi Alpha's Memorandum in Opposition (Doc. #20), Plaintiffs' Notice Withdrawal of their Motion for Leave to File a Second Amended Complaint (Doc. #24).

5. Plaintiffs' Rule 41 Dismissal of Defendant Alpha Phi Alpha (Doc. #22).

6. Plaintiffs' Second Motion to Remand and Proposed Order (Doc. #s 23, 26),

and Defendant Alpha Phi Alpha's Response (Doc. #25).

## II.     Discussion

Plaintiffs contend that this Court lacks subject matter jurisdiction over this case, a problem requiring a remand to state court. In light of this contention, the analytical starting point is a jurisdictional inquiry. *See Moore v. City of Harriman*, 272 F.3d 769, 791 (6th Cir. 2001) ("Because it may have no authority to act, a federal court must determine at the outset whether it has jurisdiction to decide the case.") (citation omitted); *see also Medical Mut. Of Ohio v. DeSoto*, 245 F.3d 561, 566 (6th Cir. 2001) ("As with every case, we begin with any jurisdictional issues.").

Plaintiffs – having voluntarily dismissed Defendant Alpha Phi Alpha (the national fraternity but not the local Chapter) from this case – contend that complete diversity of citizenship is lacking because each of the remaining parties is a citizen of Ohio. Plaintiffs also point out that the case contains only state-law causes of action, and no federal question exists. Consequently, according to Plaintiffs, the case must be remanded to state court because "this Court clearly and unambiguously lacks subject matter jurisdiction over the case...." (Doc. #23).

Accepting Plaintiffs' assertions that the case is now pending between Ohio Plaintiffs and Ohio Defendants, Plaintiffs are correct to conclude that complete diversity does not exist between the remaining parties. "[D]iversity of citizenship requires that no party share citizenship with any opposing party." *Peters v. Fair*, 427 F.3d 1035, 1038 (6th Cir. 2005). However, Plaintiffs' argument that this Court does not have jurisdiction over this case overlooks the principle that the "existence of subject matter jurisdiction is determined by examining the complaint as it existed at the time of removal." *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). "It is a fundamental principle of law of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was

3

filed...." *Id*. (quoting *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 758 (6th Cir. 2000)). Because the Court had subject matter jurisdiction over Plaintiffs' Complaint at the time of removal, the case may not be remanded for lack of subject matter jurisdiction. *Id*.

This does not resolve all of the pending matters because a further procedural twist exists: Plaintiffs have not effected service of summons upon the newly-named Defendants, Brandon Lee and Alpha Phi Alpha, Xi Chapter.

"Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351 (1999)(original italics). Indeed, absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendants. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)(and cases cited therein). The record in this case indicates that Plaintiffs have not served either Brandon Lee or Alpha Phi Alpha, Xi Chapter with a summons and a copy of the First Amended Complaint. The time for effecting such service has expired, *see* Fed. R. Civ. P. 4(m), and neither of the newly named defendants has waived service. Absent timely and effective service, this Court lacks personal jurisdiction over Brandon Lee and Alpha Phi Alpha, Xi Chapter.

Consequently, the Court is faced with two alternative courses of action: (1) dismiss this case without prejudice under Fed. R. Civ. P. 4(m) due to the failure of timely service upon the only remaining defendants or (2) remand the case to state court because the Defendant (Alpha Phi Alpha, Inc.), who effected proper removal, is no longer a party in the case and because the remaining state-law claims are pending against non-diverse and unserved defendants. Rule 4(E) of the Ohio Rules of Civil Procedure resolves this dilemma because it provides plaintiffs with a longer period of time – six months – to effect service of summons than its federal counterpart, Fed. R. Civ. P. 4(m). Plaintiffs filed their First Amended Complaint on October 29, 2009. Consequently, if the case is

4

remanded, Plaintiffs might have some time remaining under Ohio R. Civ. P. 4(E) to effect service of summons. If no time remains, Ohio R. Civ. P. 4(E) provides Plaintiffs with an opportunity to show good cause for not timely serving summons. Such service-of-summons issues under Ohio law are best left for resolution by the state court in the first instance, particularly when the case now involves only state-law claims against non-diverse defendants.

Accordingly, a remand of this case to state court is warranted.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiffs be permitted to voluntarily dismiss without prejudice Defendant Alpha Phi Alpha pursuant to Fed. R. Civ. P. 41(b);

2. Plaintiffs' Second Motion to Remand (Doc. # 23) be GRANTED, and the Clerk of Court be directed to remand this case to the Clerk of the Greene County, Ohio Court of Common Pleas;

3. The remaining pending Motions (Doc. #s 3, 9, 10, and 17) be DENIED as moot; and

4. The case be terminated on the docket of this Court.

April 16, 2010                                            s/Sharon L. Ovington
                                                                         Sharon L. Ovington
                                                    United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).